### KEILTY v. TRAYNOR.

(Supreme Court, Appellate Division, First Department. June 24, 1898.)

DISCOVERY—PERCENTAGE OF PROFITS—EXAMINATION OF BOOKS.

     In an action to recover money claimed to be due as compensation under a contract whereby the plaintiff, while in defendant's employ, was to receive 5 per cent. of the net profits of the business, the plaintiff procured an order for an inspection of the defendant's stock books, cash books, and ledgers, upon a petition alleging that he desired to inspect them, as it was impossible for him to prove the exact amount of profits except by the entries therein. The petition did not allege the accounts in the books, as to which an inspection was sought; nor was it alleged or shown that an inspection would disclose material evidence to be used upon the trial, nor that the facts sought to be established could be proved by the mere inspection of the books. *Held* that, to obtain evidence of the amount of defendant's profits, the proper course would be to examine the defendant before trial, upon which examination he would be required to produce such books as would enable him to testify, and that the order for inspection was erroneous.

Appeal from special term, New York county.

Action by Michael J. Keilty against Bernard Traynor. From an order granting a motion for discovery, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, and INGRAHAM, JJ.

W. B. Donihee, for appellant.
James P. Campbell, for respondent.

INGRAHAM, J. The pleadings are not a part of the record upon which this appeal was heard, but the petition alleges that the action was brought to recover the sum of $1,700, claimed to be due plaintiff from the defendant as compensation while in the defendant's employ under a contract whereby the plaintiff, in addition to receiving the sum of $50 per week, was to have 5 per cent. of the net profits made by the defendant in his business, and the answer of the defendant

denies the contract as alleged by the plaintiff. The amended complaint alleges that the defendant's net profits made by him in the business were $34,000; but the defendant, in his answer, alleges that his profits did not exceed one-fifth of that sum. The petition then alleges that the plaintiff desires to inspect and examine the stock books, cash books, and ledgers kept by the defendant in his business from the 1st day of January, 1895, to the 1st day of February, 1896, as it is impossible for the plaintiff to prove the exact amount of profits made by the defendant in his business for the said period, except by the entries contained in the said books, that an inspection of the said books is necessary to enable the plaintiff to prepare for trial, and that the records in said books are material to a decision in this action. Upon this petition the court ordered the defendant to file with the clerk of the court the stock books, cash books, and ledgers used in his business from January 1, 1895, to February 1, 1896; and from that order this appeal is taken.

The petition does not allege the accounts in the books, as to which an inspection is sought. There is simply a general desire expressed to examine the various books mentioned, and it is not alleged, nor does it appear, that an inspection of these books will disclose material evidence to be used upon the trial. In the petition it is alleged that the fact sought to be proved was the amount of the defendant's profits; but to obtain evidence of that fact the proper course would be to examine the defendant before trial, upon which examination the defendant would be required to produce such books as would enable him to testify. It is not alleged that the fact sought to be established could be proved by the mere production of the books; and, upon the allegations of this petition, it certainly would seem to be unnecessary to compel the defendant to file all the books of his business with the county clerk.

The order should therefore be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

---

(31 App. Div. 30.)

KENNEDY v. THIRD AVE. R. CO.

(Supreme Court, Appellate Division, First Department. June 24, 1898.)

Appeal from trial term, New York county.